1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

9    Leoncio Alfredo Sharpe,                    )    CV-05-2476-PHX-JAT
                                                )
10            Plaintiff(s),                      )
                                                )
11      v.                                       )    **ORDER APPOINTING COUNSEL FOR**
                                                )    **PLAINTIFF**
12   Sgt. Ogar, et al.,                          )
                                                )
13            Defendant(s).                      )
                                                )
14   _____        )

15         The appointment of counsel in a civil rights case is required only when exceptional

16   circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v.

17   Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires

18   an evaluation of both 'the likelihood of success on the merits [and] the ability of the [party]

19   to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"

20   Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).

21   The Court must review both of these factors together in deciding whether or not to appoint

22   counsel. Id.

23         The Court has reviewed these factors in this case.  The Court finds that because

24   Plaintiff has survived summary judgment on one of his claims and is proceeding to trial as

25   to that claim, there is some likelihood of success as to that claim.  Further, while the Court

26   finds that Plaintiff has adequately articulated his claims *pro se* to this point, because of the

27   complexities that stem from presenting a case at trial, the Court finds that appointment of

28   counsel is justified.

1   Accordingly,

2       **IT IS ORDERED** granting Plaintiff's motion to appoint counsel (Doc. #92) and

3   appointing Karin Scherner Aldama of Perkins Coie Brown & Bain, PA, as counsel for

4   Plaintiff in this case.  The Clerk of the Court shall add Ms. Aldama as counsel of record for

5   Plaintiff, send electronic notice of this Order to Ms. Aldama (and defense counsel) and shall

6   mail a copy of this Order to Plaintiff.  Plaintiff is advised that all future orders of this Court

7   shall be sent to ONLY his counsel.

8       **IT IS FURTHER ORDERED** that the existing pretrial deadlines (including the date

9   of the pretrial conference) are vacated to be reset after the Court sets a trial date (however,

10  all of the requirements of the order setting final pretrial conference (Doc. #84) remain in

11  effect with only the deadlines for completing those tasks to be reset).

12      **IT IS FURTHER ORDERED** that counsel shall meet and confer and by May 21,

13  2008, file a notice with the Court indicating the estimated length of trial and any or all of the

14  following dates on which they would be prepared to start trial in this case: Tuesday, July 22,

15  2008, Tuesday, August 5, 2008, Tuesday, August 12, 2008, or Wednesday, August 20, 2008.

16  Once the Court sets the trial date, the Court will set the pretrial deadlines consistent with the

17  trial date.

18      **IT IS FURTHER ORDERED** that defense counsel is relived of his obligation to

19  arrange for Plaintiff's telephonic appearance at the Final Pretrial Conference because a party

20  who is represented by counsel need not be present for such conference.

21      DATED this 13th day of May, 2008.

22

23

24   _____
     James A. Teilborg
     United States District Judge

25

26

27

28

- 2 -