**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leoncio Alfredo Sharpe,      )<br>                              )<br>       Plaintiff,            )<br>                              )<br>vs.                           )<br>                              )<br>Sgt Ogar, et al.,             )<br>                              )<br>       Defendants.           )<br>_____) | No. 05-2476-PHX-JAT<br><br>**ORDER** |

Plaintiff, Mr. Sharpe, has filed a Motion Requesting the Release of Trial Transcripts Regarding the Proceedings of Jury Day 2 Afternoon Session Held on August 13, 2008 (Doc. #181). Pursuant to 28 U.S.C. §1915(a), the Court allowed Plaintiff to proceed *in forma pauperis*. Plaintiff's jury trial began on August 12, 2008 (Doc. #151). On August 21, 2008, the Clerk of the Court entered Judgment on the jury's verdict for Defendant Sgt. Ogar (Doc. #172). Plaintiff has appealed from that Judgment (Doc. #176).

Plaintiff now requests that the Court provide transcripts of the afternoon session of Day 2 of the trial to him free of charge pursuant to his *in forma pauperis* status. Because certain limitations apply to the provision of transcripts furnished at the government's expense, the Court must determine whether Plaintiff is entitled to the transcripts.

Congress addressed the issue of furnishing transcripts at public expense in 28 U.S.C. § 753(f). The statute provides that "[f]ees for transcripts furnished in other proceedings to

1  persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the
2  trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a
3  substantial question).  28 U.S.C. § 753(f) (parenthetical in original).  The rule's purpose is
4  to prevent the waste of taxpayer dollars on transcripts for use in baseless appeals.  The Court
5  therefore must determine whether Plaintiff's proposed appeal has some merit before it directs
6  the government to pay for his transcripts.

7        The Plaintiff must articulate some ground for appeal that requires transcripts before
8  the Court will subject the government to that expense.  Plaintiff has the burden of
9  demonstrating nonfrivolity and substantiality of the claims.  *See Maloney v. E.I. Du Pont de*
10 *Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967).  Plaintiff has failed to demonstrate that
11 his proposed appeal is nonfrivolous or presents a substantial question.  In his motion,
12 Plaintiff failed to state what issues he proposes to appeal.  Thus, the Court is unable to
13 determine from the face of the motion whether his reason for obtaining the transcripts is
14 substantial and nonfrivolous.  The Court therefore will deny the motion without prejudice to
15 Plaintiff refiling to make the required showing that his appeal is nonfrivolous and presents
16 a substantial question.

17       Accordingly,

18       IT IS ORDERED DENYING Plaintiff's Motion Requesting the Release of Trial
19 Transcripts Regarding the Proceedings of Jury Day 2 Afternoon Session Held on August 13,
20 2008 (Doc. #181) without prejudice to refiling to make the required showing.

21       DATED this 20th day of November, 2008.

James A. Teilborg
United States District Judge